

**NUMBERS
13-16-00558-CR
13-16-00559-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE ISADOLL MANGUM**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion Per Curiam[1]**

Relator Isadoll Mangum filed a pro se petition for writ of mandamus in the above

causes on October 13, 2016 seeking to compel the trial court to rule on and grant a motion

for nunc pro tunc judgment.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause numbers 10-136 and 10-137 in the 130th District Court of Matagorda County, Texas, and also appears to involve trial court cause number 08-081 in the 130th District Court.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record). In this case, the relator furnished an incomplete appendix or record in support of his request for relief.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain

mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly, relator's petition for writ of mandamus in these causes is denied.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of October, 2016.