

# NUMBER 13-17-00608-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE NORBERTO MANZANARES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez[1]

On October 27, 2017, relator Norberto Manzanares filed a pro se petition for writ of mandamus in the above cause seeking to compel his trial counsel to provide him with a complete copy of the attorney-client file which was generated during the course of relator's trial for murder. *See Manzanares v. State*, No. 13-06-00307-CR, 2008 WL 5608261, at *1 (Tex. App.—Corpus Christi Apr. 29, 2008, pet. ref'd) (mem. op., not

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

designated for publication) (affirming relator's conviction for murder). Relator seeks a copy of his file in order to seek collateral review of his conviction and sentence.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

A court of appeals may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under the

2

code of criminal procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under the family code in the court of appeals district for the judge who appointed the associate judge. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West, Westlaw through 2017 1st C.S.). Further, a court of appeals may issue a writ of mandamus that is "necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a).

We do not have jurisdiction to issue a writ of mandamus directed at relator's former counsel because the requested writ neither is against a judge nor is necessary to enforce our appellate jurisdiction. *See id.* § 22.221(a), (b); *see also In re Mason*, No. 05-16-01450-CV, 2017 WL 2464688, at *1 (Tex. App.—Dallas June 7, 2017, orig. proceeding) (mem. op.) ("Unless necessary to enforce our jurisdiction, this Court is without jurisdiction to issue a writ of mandamus against an attorney."); *In re Cornett*, No. 10-16-00023-CR, 2016 WL 454996, at *1 (Tex. App.—Waco Feb. 4, 2016, orig. proceeding) (mem. op., not designated for publication) ("As a Court of Appeals, we have no jurisdiction to compel an attorney to act except as necessary to enforce our jurisdiction.").

No appeal is pending in this case, and relator makes no claim that a writ of mandamus is necessary to enforce our jurisdiction. Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

NELDA V. RODRIGUEZ
JUSTICE

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2017.

3