

# NUMBER 13-18-00414-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ORLANDO CAMPOS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

Relator Orlando Campos, proceeding pro se, filed a petition for writ of mandamus in the above cause on August 2, 2018, seeking to compel the trial court to provide him with a certification showing that he has the right to appeal in trial court cause number B-15-2049-0-CR-A. [2]   Although relator's pleading is unclear, it appears that relator also

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] Relator has also pursued separate appeals arising from this same trial court cause number.  *See Campos v. State*, No. 13-18-00221-CR, 2018 WL 2440517, at *1 (Tex. App.—Corpus Christi May 31, 2018, no pet. h.) (mem. op., not designated for publication); *Campos v. State*, 13-18-00071-CR, 2018 WL 1192617, at *1 (Tex. App.—Corpus Christi Mar. 8, 2018, no pet.) (mem. op., not designated for publication);

seeks, inter alia, to compel the trial court to prepare findings of fact and conclusions of law and to correct a defective or inaccurate clerk's record.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the petition for writ of mandamus should be denied. *See* TEX. R. APP. P. 52.8. Accordingly, the petition for writ of mandamus is DENIED.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
2nd day of August, 2018.

---

*Campos v. State*, 13-16-00482-CR, 2016 WL 5941881, at *1 (Tex. App.—Corpus Christi Oct. 13, 2016, no pet.) (mem. op., not designated for publication).

2