

# NUMBERS 13-18-00470-CR & 13-18-00471-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JESSE RIOS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez[1]**

Relator Jesse Rios, proceeding pro se, filed separate petitions for writ of mandamus in each of the above causes.[2] In both of these original proceedings, relator seeks to compel the trial court to amend the certifications of relator's right to appeal his

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] These original proceedings arise from trial court cause number 12-CR-1515-A, docketed in appellate cause number 13-18-00470-CR, and trial court cause number 11-CR-4192-A, docketed in our cause number 13-18-00471-CR. Both cases originated in the 28th District Court of Nueces County, Texas. *See also In re Rios*, No. 13-17-00511-CR, 2017 WL 4173392, at *2 (Tex. App.—Corpus Christi Sept. 20, 2017, orig. proceeding) (mem. op., not designated for publication); *In re Rios*, No. 13-17-00182-CR, 2017 WL 1479432, at *1 (Tex. App.—Corpus Christi Apr. 18, 2017, orig. proceeding) (mem. op., not designated for publication); *Rios v. State*, No. 13-12-00721-CR, 2013 WL 474841, at *1 (Tex. App.—Corpus Christi Feb. 7, 2013, no pet.) (mem. op. per curiam, not designated for publication).

underlying convictions. *See* TEX. R. APP. P. 25.2(a)(2). Relator contends that the certifications in both cases are defective insofar as they state that he lacks the right to appeal.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petitions for writ of mandamus and the applicable law, is of the opinion that the relator has failed to establish

2

his right to mandamus relief.  Accordingly, we deny the petitions for writ of mandamus in each of these causes.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of August, 2018.