

# NUMBER 13-19-00655-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE CAVU MANGUM

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relator Cavu Mangum, proceeding pro se, filed a petition for writ of mandamus in the above cause through which he appears to contend that his constitutional and statutory due process rights have been violated because the felony theft charges against him have neither been dismissed nor set for trial in a timely manner. This original proceeding arises from cause number 19,548 in the 329th District Court of Wharton County, Texas.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This Court previously denied a similar original proceeding arising from the same trial court cause number. *See In re Mangum*, No. 13-19-00340-CR, 2019 WL 2998590, at *1 (Tex. App.—Corpus Christi July 9, 2019, orig. proceeding) (mem. op., not designated for publication).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain

relief.  Accordingly, we deny the petition for writ of mandamus and all relief sought therein.

*See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of January, 2020.