

**NUMBER 13-20-00524-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE VALENTIN GAONA**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

Relator Valentin Gaona, proceeding pro se, filed a petition for writ of mandamus in the above cause through which he requests that we direct the trial court to (1) "comply with article 1.051 of the code of criminal procedure and provide counsel," (2) "grant a full and fair evidentiary hearing on all claims," and (3) "grant applicant such other and further

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

relief as may be just and proper." Relator also filed a motion for leave to file this original proceeding. We deny relief.[2]

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the

---

[2] This petition for writ of mandamus arises from trial court cause number CR07003875-F in the 214th District Court of Nueces County, Texas. Relator has previously filed other appeals and original proceedings that arise from this same trial court cause number. *See In re Gaona*, No. 13-20-00108-CR, 2020 WL 1060581, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 2, 2020, orig. proceeding) (mem. op., not designated for publication) (denying relator's request for the appointment of counsel); *Gaona v. State*, No. 13-20-00075-CR, 2020 WL 1060582, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 2, 2020, no pet.) (mem. op., not designated for publication) ("Because this case has already been subject to appeal on the merits and this appeal was filed more than ten years too late, we dismiss the appeal for want of jurisdiction."); *Gaona v. State*, No. 13-19-00606-CR, 2020 WL 103860, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet.) (mem. op., not designated for publication) (dismissing appellant's attempted appeal of conviction for capital murder because of previous appeal and untimeliness); *Gaona v. State*, No. 13-08-364-CR, 2009 WL 2568578, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 26, 2009, pet. ref'd) (mem. op., not designated for publication) (affirming conviction for capital murder).

contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3.

In this case, the relator has failed to provide an appendix or record in support of his petition for writ of mandamus and has therefore failed to meet his burden to obtain relief. *See Walker,* 827 S.W.2d at 837; *see generally* TEX. R. APP. P. 52.3. Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704. We dismiss as moot relator's motion for leave to file a petition for writ of mandamus because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *see also In re Ramos*, No. 04-20-00466-CR, 2020 WL 6151001, at *1 (Tex. App.—San Antonio Oct. 21, 2020, orig. proceeding) (per curiam mem. op., not designated for publication).

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
7th day of December, 2020.

3