

# NUMBER 13-21-00300-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE AMADO RIVERA DE LOERA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Hinojosa[1]**

Pro se relator Amado Rivera De Loera has filed a petition for writ of mandamus through which he seeks to compel the trial court to dismiss the underlying case "for failure to prosecute" in violation of the Interstate Agreement on Detainers. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14; *State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009).

To be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

that that there is no adequate remedy at law to redress the alleged harm. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to competent evidence included in the appendix or record and must also provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not established his entitlement to the relief sought. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at

2

704; *State ex rel. Young*, 236 S.W.3d at 210. Relator has failed to (1) include a statement of facts supported by citations to competent evidence included in the appendix or record, (2) provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record, and (3) file an appendix and record sufficient to support the claim for relief. *See* TEX. R. APP. P. 52.3; *id.* R. 52.3(k). Accordingly, we deny the petition for writ of mandamus.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of September, 2021.

3