

# NUMBER 13-21-00449-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOHN JACOB SINGLETERRY

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva[1]**

On December 16, 2021, pro se relator John Jacob Singleterry filed a petition for writ of mandamus through which he seeks to compel the trial court to rule on relator's motion for nunc pro tunc judgment.[2] Relator contends that he did not receive all of the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator previously filed a similar petition for writ of mandamus on this same subject. *See In re Singleterry*, No. 13-21-00422-CR, 2021 WL 5760432, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 3, 2021, orig. proceeding) (mem. op.) (denying mandamus relief).

jail time credit to which he was entitled, and he filed a motion for nunc pro tunc judgment to correct the error, however, the trial court has not yet ruled on that motion.

To be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision that that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k)

(specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not established his entitlement to the relief sought. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704; *State ex rel. Young*, 236 S.W.3d at 210. Relator has failed to (1) include a statement of facts supported by citations to competent evidence included in the appendix or record, (2) provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record, and (3) file an appendix and record sufficient to support the claim for relief. *See* TEX. R. APP. P. 52.3; *id.* R. 52.3(k). Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of December, 2021.

3