

# NUMBER 13-22-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JASON OMAR MORENO

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Relator Jason Omar Moreno, proceeding pro se, filed a petition for writ of mandamus in the above-referenced cause in which he requests that we direct the trial court to rule on relator's pending motions for discovery.[2] Relator also filed a motion for leave to file this original proceeding.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has an appeal pending in this Court in our cause number 13-21-00409-CR, *Moreno v State*, and several closed cases. *See Moreno v. State*, No. 13-21-00391-CR, 2022 WL 322561, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022, no pet. h.) (mem. op., not designated for publication); *In re*

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704. We dismiss as moot relator's motion for leave to file the petition for writ of mandamus because leave is not required to file an original

---

*Moreno*, No. 13-21-00226-CR, 2021 WL 3269362, at *1 (Tex. App.—Corpus Christi–Edinburg July 30, 2021, orig. proceeding) (mem. op., not designated for publication); *Moreno v. Thompson*, No. 13-16-00063-CV, 2016 WL 3068241, at *1 (Tex. App.—Corpus Christi–Edinburg May 26, 2016, no pet.) (per curiam) (mem. op.); *In re Moreno*, No. 13-16-00262-CR, 2016 WL 2967990, at *1 (Tex. App.—Corpus Christi–Edinburg May 13, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.—Corpus Christi–Edinburg 1999, pet. ref'd).

proceeding in an intermediate appellate court. *See* T~EX~. R. A~PP~. P. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Gaona*, No. 13-20-00524-CR, 2020 WL 7214294, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 7, 2020, orig. proceeding) (mem. op., not designated for publication); *In re Ramos*, No. 04-20-00466-CR, 2020 WL 6151001, at *1 (Tex. App.—San Antonio Oct. 21, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication).

JAIME TIJERINA
Justice

Do not publish.
T~EX~. R. A~PP~. P. 47.2 (b).

Delivered and filed on the
6th day of April, 2022.