

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,923-02

**In re RODERICK HARRIS, Relator**

**ON MOTION FOR LEAVE TO FILE EMERGENCY APPLICATION
FOR WRIT OF PROHIBITION AND EMERGENCY
APPLICATION FOR WRIT OF PROHIBITION;
REQUEST FOR INJUNCTION IN CAUSE
NO. W09-00409-Y(A) IN CRIMINAL DISTRICT
COURT NO. 7 DALLAS COUNTY**

*Per curiam.* ALCALA, J., filed a dissenting opinion in which JOHNSON, J. joined. MEYERS and NEWELL, JJ., dissented.

### <u>ORDER</u>

We have before us a motion for leave to file an application for a writ of prohibition

and an application for a writ of prohibition. In May 2012, a jury convicted relator of the

offense of capital murder. The jury answered the special issues submitted pursuant to Article

37.071,[1] and the trial court, accordingly, set punishment at death. This Court affirmed relator's conviction and sentence on direct appeal. *Harris v. State*, No. AP-76,810 (Tex. Crim. App. May 21, 2014)(not designated for publication). With relator's authorization, the lead trial attorney tendered relator's original trial files to habeas counsel, the Office of Capital and Forensic Writs (OCFW). Trial counsel did not retain a copy of the files. OCFW filed an initial writ of habeas corpus application in the trial court on relator's behalf on June 11, 2014. Five of his six claims for relief alleged ineffective assistance of counsel, including allegations of deficient performance during pretrial investigation, at the guilt/innocence phase of trial, and at the punishment phase of trial. The trial judge signed an order designating issues designating all of relator's ineffective assistance of counsel claims for further fact finding. The judge subsequently set relator's habeas application for an evidentiary hearing to be held starting on May 18, 2015.

Prior to the evidentiary hearing, the State moved that the trial judge order the disclosure of relator's trial files in order for the State to defend against relator's claims of ineffective assistance of counsel. Relator's counsel objected to the disclosure. The judge held a hearing on March 26, 2015, in which she entertained oral argument on the State's motion for disclosure. At the hearing, the trial judge asked the State's attorneys whether they would be satisfied if OCFW provided to them only the materials that OCFW thought were relevant to the ineffective assistance claims, rather than the whole file. The State agreed to

---

[1] This and all subsequent citations to articles refer to the Texas Code of Criminal Procedure.

this suggestion with the proviso that OCFW also provide a log of what they had classified as privileged under the attorney-client and work product privileges. OCFW objected to "turning over any materials to the State."

On April 10, 2015, the trial judge granted the State's motion for disclosure of relator's trial files and ordered OCFW (the order uses the term "appellate counsel") to disclose to the State "only the parts of [the defense] file relevant to ineffective assistance of counsel." OCFW did not comply and filed with this Court on April 21, 2015, an "Emergency Application for Writ of Prohibition; Request for Injunction" and a motion for leave to file the same on behalf of relator. Subsequently, on April 24th, the trial judge signed an amended order granting the State's motion, ordering that OCFW shall "disclose only the part of [relator's] files that are relevant to ineffective assistance of Counsel" and provide the State with the relevant portions of the files "via electronic copy by May 1, 2015, along with a privilege log describing and categorizing any non-responsive items."

Relator then filed an "Emergency Motion for Stay" of the trial judge's order requiring him to disclose the defense trial file to the State. The State filed a motion asking that this Court stay the habeas evidentiary hearing during the pendency of the writ of prohibition arguing that the State could not "be prepared for the writ hearing without access to the trial files," which "may contain evidence refuting" relator's ineffective assistance of counsel claims.

This Court entered an order on April 30, 2015, granting the parties' motions for stay

of enforcement of the discovery order and any scheduled hearing on the habeas application, pending further order from this Court. We invited the State and the trial judge, the Honorable Elizabeth Frizell, to file responses to relator's application for writ of prohibition within 30 days of the date of our order. *In re Harris*, No. WR-80-923-02 (Tex. Crim. App. April 30, 2015) (not designated for publication). We received a response from the State on June 1, 2015. We have not received a response from Judge Frizell.

In *In re McCann*,[2] this Court set out the requirements for mandamus and prohibition relief:

> Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law. With respect to the requirement that the act sought is purely ministerial, the relator must have a "clear right to the relief sought," meaning that the merits of the relief sought are "beyond dispute." To show "a clear right to the relief sought," a relator must show that the facts and circumstances of the case "dictate but one rational decision 'under unequivocal, well-settled . . . and clearly controlling legal principles.'" However, we have also noted that, although an issue may be one of first impression, it does not necessarily follow that the law is not well-settled. It is a small step then to hold that, this Court may grant relief in a mandamus case based on a well-settled, but rarely litigated point of law.[3]

"A ministerial act, by its nature, does not involve the use of judicial discretion; it must be positively commanded and so plainly prescribed under the law as to be free from doubt."[4]

---

[2] *In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013).

[3] *Id.*, 422 S.W.3d at 704 (internal citations omitted).

[4] *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) ("While this case does present an issue of first impression, relator is entitled to relief only if the principle of law he relies upon is 'positively commanded and so plainly prescribed under the law as to be free from

A writ of prohibition must meet the same standards as a writ of mandamus; the former being used to "prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed."[5] A mandamus or prohibition action is properly filed directly in this Court in a capital-murder case in which the death penalty has been assessed.[6]

In the instant case, the parties agree that there is no adequate remedy at law for relator. The parties do not agree as to whether the trial court's action at issue is purely ministerial, in other words, whether the relator has a "clear right to the relief sought."

Relator concedes that a constructive waiver of the attorney-client and work product privileges occurred when he advanced his claims of ineffective assistance of counsel, but argues that this waiver did not "bestow upon the State a discovery tool giving them access to defense counsel's files." He further asserts that the State has cited no "binding authority" for the proposition that the State's attorney is entitled to access his trial files through his habeas counsel. He contends that trial counsel should make the decisions about how to defend themselves from these claims and which items from the files will be produced.

This Court has held that the trial file belongs to the defendant, not his trial attorney.[7]

---

doubt'"), citing *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015).

[5] *Medina*, 475 S.W.3d at 297, citing *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985).

[6] *Compare McCann*, 422 S.W.3d at 704.

[7] *See McCann*, 422 S.W.3d at 710 (client owns his or her trial file and former attorney is obligated to follow client's last known wishes for handling the file).

Also, we recently explained:

> [A] defendant waives the attorney-client privilege when he argues that his sentence should be overturned because his counsel was constitutionally ineffective. The rationale behind this rule was best explained by the Texas Supreme Court in *Ginsberg v. Fifth Court of Appeals*, . . . According to our sister court, "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other hand lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action."[8]

Thus, when relator chooses to bring claims alleging that his trial counsel were constitutionally ineffective, he waives his claim to privilege as to those materials that are relevant and responsive to the ineffective assistance claims he raised.

We have acknowledged the "discretion of the trial court in matters of discovery."[9] Further, we have noted that, in a capital writ proceeding, Article 11.071 makes the habeas judge "the collector of the evidence, the organizer of the materials, the decisionmaker as to what live testimony may be necessary, the factfinder who resolves disputed factual issues, the judge who applies the law to the facts, enters specific findings of fact and conclusions of law, and may make a specific recommendation to grant or deny relief."[10] Hence, our

---

[8] *Medina*, 475 S.W.3d at 302 (internal citations omitted); *see also State v. Thomas*, 428 S.W.3d 99, 106 (Tex. Crim. App. 2014) (attorney-client privilege waived by ineffective assistance of counsel claims); *Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995) (work product privilege may be waived under the offensive-use doctrine); TEX. R. EVID. 503(d)(3).

[9] *State v. Dittman (In re Dist. Attorney's Office of the 25th Judicial Dist.)*, 358 S.W.3d 244, 246 (Tex. Crim. App. 2011).

[10] *Ex parte Simpson*, 136 S.W.3d 660, 668 (Tex. Crim. App. 2004).

precedent allots the trial judge a measure of discretion in managing the process of fact-finding in a capital writ proceeding.

However, appellate courts have also held that trial judges have overstepped their authority to order pretrial discovery in situations where they have required a party to create a document that did not exist at the time of the discovery order.[11]  Nevertheless, relator has not referred us to any statute or other authority that applies that holding to collateral proceedings under Article 11.071 or expressly prohibits the trial judge from ordering that habeas counsel disclose the portions of trial counsel's files that are responsive to relator's ineffective assistance of counsel claims.[12]

In sum, relator has not demonstrated that, under the facts and circumstances present in this case, the relief he seeks is "positively commanded and so plainly prescribed under the law as to be free from doubt."  His motion for leave to file an application for a writ of prohibition is denied and the stays are lifted.

IT IS SO ORDERED THIS THE 25th DAY OF MAY, 2016.

Publish

---

[11] *See, e.g., In re Watkins*, 369 S.W.3d 702, 706 (Tex. App.—Dallas 2012, no pet.), citing *In re Stormer*, No. WR-66865-01 (Tex. Crim. App. June 20, 2007) (not designated for publication) (holding former Article 39.14 does not give trial court authority to order State to create and produce a document that does not currently exist).

[12] The trial judge's amended discovery order in the instant case stated that OCFW must create a "privilege log" and provide this log to the State.  Applicant has not brought any complaint for our review about the "privilege log" in his application for writ of prohibition or any other pleading received by this Court.