

NUMBER 13-16-00471-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JESUS HECTOR TORRES LEDEZMA

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion Per Curiam[1]

Relator Jesus Hector Torres Ledezma filed a petition for writ of mandamus in the above cause on August 23, 2016, seeking to compel the trial court to provide him with "an informal competency hearing based on linguistic competency." The Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas acting by and through the District Attorney of Cameron County, Texas.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, we deny the petition for writ of mandamus and all relief sought therein. *See* TEX. R. APP. P. 52.8(a). We dismiss relator's motion for leave to file his petition for writ of mandamus as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.; *In re Kellum*, 307 S.W.3d 336 (Tex. App.—San Antonio 2009, orig. proceeding).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
6th day of September, 2016.

2