

# NUMBER 13-16-00660-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE THE STATE OF TEXAS EX REL. MARK SKURKA, DISTRICT ATTORNEY FOR THE 105TH JUDICIAL DISTRICT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides Memorandum Opinion Per Curiam[1]

Relator, the State of Texas ex rel. Mark Skurka, District Attorney for the 105th Judicial District, filed a petition for writ of mandamus and motion for emergency stay in the above cause on December 2, 2016. Through this original proceeding, the State seeks to compel the trial court to set aside a discovery order requiring it to produce "certain agenda prepared for multidisciplinary task force meetings and Children's Advocacy

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Center site visit reports." Through its motion for emergency relief, the State requests that we either stay the trial of this matter set for December 5, 2016, or "at least the discovery order in question, pending resolution of the present mandamus proceeding."

To be entitled to mandamus relief, the relator must establish both that it has no adequate remedy at law to redress his alleged harm, and that what it seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met its burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus and motion for emergency relief are denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2016.

2