

# NUMBER 13-18-00216-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STATE OF TEXAS EX REL. RICARDO RODRIGUEZ JR., CRIMINAL DISTRICT ATTORNEY OF HIDALGO COUNTY, TEXAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

The State of Texas ex rel. Ricardo Rodriguez Jr., the Criminal District Attorney for Hidalgo County, Texas, filed a petition seeking a writ of mandamus and a writ of prohibition in the above cause on April 18, 2018. The State contends that the trial court abused its discretion by rendering a discovery order in trial court cause number CR-2574-16-B, *State of Texas v. Genaro Martinez Maldonado*, pending in the 93rd District Court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

of Hidalgo County, Texas. The State has also filed a motion for temporary stay of the trial court proceedings pending resolution of this original proceeding. *See generally* TEX. R. APP. P. 52.10.

To be entitled to mandamus relief, the relator must establish that it has no adequate remedy at law to redress the alleged harm, and that what it seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). A petition for writ of prohibition must meet the same standards as a petition for writ of mandamus; the former being used to "prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed." *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (orig. proceeding); *see In re Harris*, 491 S.W.3d at 334–35.

The Court, having examined and fully considered the petition for writ of mandamus and writ of prohibition and the applicable law, is of the opinion that the relator has not met its burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, we deny the petition for writ of mandamus and writ of prohibition and the motion for temporary stay. *See* TEX. R. APP. P. 52.8(a).

LETICIA HINOJOSA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

2

Delivered and filed the
19th day of April, 2018.