

## NUMBER 13-18-00557-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE CARLOS ELIZONDO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

Relator Carlos Elizondo filed a petition for writ of mandamus and emergency motion for temporary relief in the above cause on October 5, 2018. Through this original proceeding, relator seeks to compel the trial court to enter an order (1) concluding that the relator did not waive the attorney client privilege and attorney work product protections, (2) ordering the State to cease reviewing seized electronic items, (3) appointing an independent forensic examiner to assist the relator "in determining the nature of the State's search," (4) setting a hearing and allowing "inquiry from the State's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

agents as to extent of their search and communications and instructions received from the State," and (5) ordering the State to return "all seized electronic devices including any copies of contents of said devices." Through the emergency motion for temporary relief, relator seeks to stay the trial court's September 19, 2018 order denying relator's motions regarding these issues and to stay all other proceedings in the underlying case, including the trial of this matter, presently set to commence on October 15, 2018.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that the relator has not met his burden to obtain relief. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704. Accordingly, we deny the petition for writ of mandamus and the emergency motion for temporary relief.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of October, 2018.

2