

# NUMBER 13-18-00615-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KENNETH D. NIOUS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

Relator Kenneth D. Nious, proceeding pro se, filed a petition for writ of mandamus in the above cause through which he seeks to compel the trial court to conduct a hearing regarding an allegedly lost or destroyed reporter's record in related appellate cause number 13-17-00482-CR, *Nious v. State*, which is currently pending in this Court.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

In related appellate cause number 13-17-00482-CV, the reporter's record was not timely filed. We ordered the trial court to conduct a hearing to determine if appellant had abandoned the appeal or if the reporter's record, or any part thereof, had been lost or destroyed. After we issued that order, the court reporter informed the Court that all motions in that case were filed by submission, no hearings were held, and therefore, no records were made. The appeal remains pending in this Court.

The Court, having examined and fully considered the petition for writ of mandamus, the record, the applicable law, and taking judicial notice of the records in appellate cause number 13-17-00482-CV, is of the opinion that relator has not met his burden to obtain mandamus relief. *See, e.g., Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011); *see also Bolton v. State*, No. 02-12-00444-CR, 2013 WL 2340045, at *1 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op., not designated for publication). Accordingly, we deny the petition for writ of mandamus.

NELDA V. RODRIGUEZ
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 15th
day of November, 2018.