

# NUMBER 13-20-00209-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LUIS ALBERTO VASQUEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa[1]**

Relator Luis Alberto Vasquez filed a petition for writ of mandamus in the above cause on April 16, 2020. Through this original proceeding, Vasquez contends that the trial court abused its discretion by requiring Vasquez "and other defendants to appear at pretrial conferences about the status of their case in person, and issuing a judgment nisi and a warrant for their arrest if they failed to do so." Vasquez concedes that trial courts typically have great latitude in handling their dockets and deciding how matters are heard;

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

however, concerns regarding the COVID-19 pandemic demand a modification of this general rule for hearings that "are not strictly necessary."

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *Powell v. Hocker*, 516 S.W.3d 488, 495 (Tex. Crim. App. 2017) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). A ministerial act does not involve the use of judicial discretion; instead, a ministerial act must be positively commanded and so plainly prescribed under the law as to be free from doubt. *In re Harris*, 491 S.W.3d at 333–34. In other words, the relator must have a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute. *In re McCann*, 422 S.W.3d at 704. If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that Vasquez has failed to meet his burden of proof to obtain mandamus relief in this case. In so ruling, we are cognizant of the profound and significant legal issues regarding public health and safety and due process implicated by this original proceeding. However, in examining the specific facts and circumstances presented by this record, we cannot conclude that mandamus relief is warranted for Vasquez's claims, and we do not address here any

2

claims he might attempt to raise on the behalf of others. Accordingly, we deny the petition

for writ of mandamus and all relief sought therein.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of April, 2020.