

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

## NO. WR-91,715-01

## IN RE UNIVERSITY OF TEXAS MEDICAL BRANCH-GALVESTON, Relator

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS
## AND PETITION FOR WRIT OF MANDAMUS
## CAUSE NO. 011545 IN THE 259TH DISTRICT COURT
## JONES COUNTY

*Per curiam.*

## O R D E R

We have before us a petition for a writ of mandamus and accompanying motion for leave to file a petition for a writ of mandamus in the matter of *Ex parte Dillion Gage Compton*, trial court cause number 011545.

In November 2018, a Jones County jury convicted Dillion Gage Compton, Real Party in Interest in this proceeding, of capital murder. Based on the jury's answers to the special issues set forth in Texas Code of Criminal Procedure Article 37.071, Sections 2(b)

and 2(e),[1] the judge of the convicting court, Respondent in this proceeding, sentenced Compton to death.[2] Respondent appointed the Office of Capital Writs (OCFW) to represent Compton in post-conviction habeas corpus proceedings under Article 11.071. In the course of investigating Compton's case, *see* Art. 11.071, § 3, on October 20, 2021, OCFW obtained an *ex parte*, sealed order from Respondent directing the University of Texas Medical Branch-Galveston (UTMB), Relator in this proceeding, to conduct brain imaging on Compton. OCFW also obtained an *ex parte*, sealed order directing the Texas Department of Criminal Justice (TDCJ) to turn over numerous records.

UTMB and TDCJ challenged the orders in the convicting court. Respondent ultimately denied the challenges and issued a new order on December 14, 2021, instructing UTMB and TDCJ to provide the designated records and services to Compton and OCFW within ten days. UTMB and TDCJ indicated to this Court that they intended to challenge Respondent's orders by way of a petition for a writ of mandamus. In a back-and-forth process that need not be catalogued here, we temporarily stayed Respondent's orders pending UTMB and TDCJ's receipt of the records those entities needed to file a mandamus petition.

Meanwhile, on April 13, 2022, OCFW filed a "Motion to Withdraw Pre-Application Court Order Compelling TDCJ to Disclose Records." The motion asked

---

[1] Unless otherwise indicated, all subsequent citations in this order to "Articles" refer to the Texas Code of Criminal Procedure.

[2] Compton's direct appeal is pending in this Court. *Compton v. State*, No. AP-77,087.

Respondent to withdraw the order compelling TDCJ to turn over records. On April 14, Respondent granted OCFW's motion and withdrew the order compelling TDCJ to turn over records. At OCFW's request, Respondent did not withdraw the order compelling Relator to conduct brain imaging on Compton.

This Court received Relator's mandamus petition on May 12, 2022.[3] According to Relator, the petition presents the following issue:

> Whether the 259th District Court possessed authority to enter an ex parte order directing UTMB, a non-party, to conduct an MRI on Compton for the purposes of post-conviction discovery for Compton's pre-writ investigation under Section 3 of Article 11.071 of the Texas Code of Criminal Procedure when the statute does not authorize a trial court to order discovery against a non-party for writ counsel's pre-writ investigation.

We conclude that this case should be filed and set. *See also In re Texas Department of Criminal Justice*, No. WR-91,688-01 (currently pending before this Court and involving similar issues). We order counsel for Relator and counsel for Real Party in Interest to brief the following issues:

1.  **Is a convicting court's authority under Code of Criminal Procedure Article 11.071, Section 3 strictly limited to (i) granting requests for expenses,** *see* **TEX. CODE CRIM. PROC. art. 11.071, § 3(c), and (ii) ordering reimbursement for expenses,** *see id.* **§ 3(d)?**

2.  **If an inmate secured funding for investigatory medical imaging pursuant to Code of Criminal Procedure Article 11.071, Section 3, would a convicting court have authority to order the Texas Department of Criminal Justice to transport the inmate to a hospital (so that he could receive that imaging) before an Article 11.071 application was**

---

[3] Counsel for TDCJ has represented to this Court that, as a result of Respondent's April 14, 2022 order, TDCJ is not filing a petition for a writ of mandamus related to this matter.

**filed?  If so, what law or set of laws would authorize the convicting court to issue a pre-application transport order of that nature?**

3.      **The court orders at issue in this case arguably command an entity to create evidence that did not exist at the time of the orders.  What role, if any, should this Court's opinions in *In re State ex rel. Best*, 616 S.W.3d 594, 600 (Tex. Crim. App. 2021), and *In re Harris*, 491 S.W.3d 332, 336 (Tex. Crim. App. 2016), play in the analysis?  Does it matter whether the convicting court's orders were in the nature of "discovery"?**

We invite Respondent (or, as appropriate, counsel for Respondent) to brief these issues.

Briefs from Relator and Real Party in Interest (and, if he wishes to file a brief, Respondent), are due in this Court within thirty days of the date of this order.  This Court's stay of Respondent's brain-imaging orders remains in effect pending this Court's action on the mandamus petition.

     IT IS SO ORDERED THIS THE 8TH DAY OF JUNE, 2022.

Do Not Publish