

# NUMBER 13-22-00577-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROBERT ALLEN SATTERFIELD

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Chief Justice Contreras[1]**

On December 1, 2022, Robert Allen Satterfield filed a petition for writ of mandamus seeking to compel the trial court to allow certain discovery, including testing and analysis of DNA samples and ballistics evidence.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the State of Texas, and relator's reply, is of the opinion that relator has not met his burden to obtain relief. *See In re Meza*, 611 S.W.3d at 388; *State ex rel. Young*, 236 S.W.3d at 210. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus. Given our disposition of this original proceeding, we dismiss as moot the State's "Motion to Access Sealed Record or Alternative Motion to Strike Record" and "Motion to Suspend the Rules of Appellate Procedure to Expedite this Proceeding."

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of December, 2022.

2