

# NUMBER 13-23-00133-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CARY D. CANTWELL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On April 4, 2023, Cary D. Cantwell filed a pro se petition for writ of mandamus seeking to compel the trial court to rule on his application for writ of habeas corpus, founded on alleged violations of Cantwell's right to a speedy trial, filed in trial court cause number 17-FC-4295-A in the 28th District Court of Nueces County, Texas. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

This Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through the District Attorney of Nueces County, Texas. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The State contends that the trial court acted within its discretion in disregarding relator's application for writ of habeas corpus because relator filed it pro se while represented by counsel. *See Tracy v. State*, 597 S.W.3d 502, 508–09 (Tex. Crim. App. 2020) (holding that the trial court did not abuse its discretion by disregarding pro se motions). The State further asserts that relator has not met his burden to obtain relief for the trial court's alleged failure to timely rule. *See In re Pete*, 589 S.W.3d 320, 321–22 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam) (stating that a relator must establish that the trial court had a legal duty to rule, was asked to rule, and failed or refused to rule within a reasonable time, and the relator must meet this burden by providing a sufficient record to

2

establish that the motion was properly filed and presented to the trial court for ruling) (collecting cases).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the response filed by the State, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of April, 2023.