

# NUMBER 13-23-00459-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EUSTORGIO GUZMAN RESENDEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Proceeding pro se, relator Eustorgio Guzman Resendez filed a petition for writ of mandamus seeking to vacate various orders and a judgment on grounds that the trial court "was without authority to preside over . . . this case." Relator's contentions concern

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

matters related to his 1992 conviction for capital murder.[2] Relator has further filed a motion for leave to file the petition for writ of mandamus.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. Further, as previously noted, relator filed a motion for leave to file this original proceeding. Although a motion for leave is required to file original proceedings in the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 72.1, a motion for leave is not required to file original proceedings in the intermediate appellate courts. *See id.* R. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Simmons*, No. 13-

---

[2] *See Resendez v. State*, 860 S.W.2d 605, 606 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd) (affirming relator's conviction on direct appeal); *see also In re Resendez*, No. 13-20-00433-CR, 2020 WL 6278290, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 27, 2020, orig. proceeding) (mem. op., not designated for publication) (collecting related cases).

23-00217-CR, 2023 WL 3688028, at *2 (Tex. App.—Corpus Christi–Edinburg May 26, 2023, orig. proceeding) (mem. op., not designated for publication). We thus dismiss the motion for leave as moot.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
30th day of October, 2023.