

# NUMBER 13-23-00497-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MICKEY BOSWELL

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Justice Silva[1]**

Pro se relator Mickey Boswell has filed a petition for writ of mandamus seeking to compel the trial court to enter a ruling on his claims regarding a void judgment and an improper nunc pro tunc judgment. Relator's claims arise from trial court cause number 09-CR-1082-G in the 319th District Court of Nueces County, Texas. Relator has

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

previously filed an original proceeding and a direct appeal from this same trial court cause number. *See In re Boswell*, No. 13-22-00532-CR, 2022 WL 16758265, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2022, orig. proceeding) (mem. op., not designated for publication); *Boswell v. State*, Nos. 13-11-00785-CR, 13-11-00786-CR, & 13-11-00791-CR, 2015 WL 5655823, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2015, pet. ref'd) (mem. op., not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7(a).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief.

2

*See In re Meza*, 611 S.W.3d at 388. Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of November, 2023.