

# NUMBER 13-24-00574-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REIDIE JACKSON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Longoria[1]**

By pro se petition for writ of mandamus, relator Reidie Jackson contends that the trial court erred by "not ruling on, *inter alia*, the motion(s) to execute the settlement agreement and/or motion to enforce the settlement agreement."

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 193

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(Tex. Crim. App. 2018) (orig. proceeding). In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d at 927; *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the petition for writ of mandamus should be denied. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of November, 2024.