

# NUMBER 13-25-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ERNESTO BENAVIDES JR.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina[1]**

By pro se petition for writ of mandamus, relator Ernesto Benavides Jr. seeks relief from the denial and dismissal of a petition for writ of habeas corpus. Relator's contentions concern proceedings arising from trial court cause number 2013-DCR-0654-A in the 107th District Court of Cameron County, Texas. *See Ex parte Benavides*, No. WR-82,033-13, 2025 WL 2408231, at *1 (Tex. Crim. App. Aug. 20, 2025) (order) (per curiam) (not designated for publication); *Ex parte Benavides*, No. WR-82,033-12, 2020 WL 5649456, at *1 (Tex. Crim. App. Sept. 23, 2020); (order) (per curiam) (not designated for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

publication); *In re Benavides*, No. 13-20-00173-CR, 2020 WL 1613417, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 1, 2020, orig. proceeding) (mem. op., not designated for publication); *Benavides v. State*, No. 13-19-00197-CR, 2019 WL 2462355, at *1 (Tex. App.—Corpus Christi–Edinburg June 13, 2019, no pet.) (mem. op., not designated for publication); *Benavides v. State*, No. 13–16–00646–CR, 2017 WL 541135, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017, no pet.) (mem. op., not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of September, 2025.

2