

# NUMBERS 13-26-00010-CR, 13-26-00011-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE WILLIAM ARCHIE HOLMES III

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Justice West[1]**

Relator William Archie Holmes III has filed a pro se petition for writ of mandamus seeking to compel the trial court "to vacate [its] order denying defense counsel's motion to withdraw and to conduct further proceedings consistent with due process and the right to a fair trial." Relator's petition for writ of mandamus arises from trial court cause numbers 23-CR-91072-B and 23-CR-91073-B in the County Court at Law No. 2 of San Patricio

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

County, Texas, docketed respectively in our appellate cause numbers 13-26-00010-CR and 13-26-00011-CR. We address both cause numbers in this single memorandum opinion in the interests of judicial efficiency.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see generally* TEX. R. APP. P. 52.3. "Withdrawal of counsel is a proper subject of mandamus." *In re Wingfield*, 171 S.W.3d 374, 379 (Tex. App.—Tyler 2005, orig. proceeding); *see also In re Cassel*, No. 12-25-00187-CR, 2025 WL 2492054, at *1 (Tex. App.—Tyler Aug. 29, 2025, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Relator has not provided an appendix or record in support of his petition for writ of mandamus. *See* TEX. R. APP. P. 52.3(k), 52.7. Further, criminal defendants are generally

2

not entitled to hybrid representation, *see, e.g., Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007), and here, relator's counsel has not sought mandamus relief to address any alleged error in the trial court's ruling. We deny the petition for writ of mandamus in both causes.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of January, 2026.