

# NUMBER 13-26-00003-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE KERRY L. BURKE

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Justices Silva, Cron, and Fonseca
### Memorandum Opinion by Justice Silva[1]

By pro se petition for writ of mandamus, relator Kerry L. Burke seeks to compel the

trial court to release relator from imprisonment on a personal bond.[2] Relator alleges that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] In addition to his petition for writ of mandamus, relator also filed a motion for leave to proceed in

the bond originally imposed in his case was increased from $2,000 to $6,000 "illegally, [and] without proper admonishment or legal justification."

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator bears the burden of providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see generally* TEX. R. APP. P. 52.3, 52.7.

---

forma pauperis. We grant relator's motion for leave to proceed without the payment of costs.

2

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of January, 2026.

3