

# NUMBER 13-22-00285-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REGINALD ANDRE CALLIS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva[1]

Relator Reginald Andre Callis has filed a pro se petition for writ of mandamus seeking to compel the trial court "to issue or grant a writ of habeas corpus <u>without</u> <u>delay</u>."[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 08-3-7806C in the 24th District Court of Jackson County, Texas. Relator has a pending appeal from this same trial court cause number in *Ex parte Reginald Andre Callis*, filed in our appellate cause number 13-22-00264-CR, and relator has filed other appeals and original proceedings arising from the same or related trial court cause numbers. *See, e.g.*, *In re Callis*, No. 13-22-00255-CR, 2022 WL 1916692, at *1 (Tex. App.—Corpus Christi–Edinburg June 3, 2022, orig. proceeding) (mem. op., not designated for publication); *Callis v. State*, No. 13-19-00408-CR, 2019 WL 4546530, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 19, 2019, no pet.) (mem. op., not

By three issues, which we construe as two, relator asserts that the trial court had a ministerial duty to issue or grant a writ of habeas corpus, but nevertheless denied relief, and relator lacks an adequate remedy at law to address this error.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement

---

designated for publication); *In re Callis*, Nos. 13-17-00145-CR & 13-17-00146-CR, 2017 WL 1089682, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 17, 2017, orig. proceeding) (mem. op., not designated for publication); *In re Callis*, Nos. 13-11-00121-CR & 13-11-00122-CR, 2011 WL 1877673, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2011, orig. proceeding) (mem. op. per curiam, not designated for publication), *Callis v. State*, No. 13-08-00387-CR (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2008, no pet.) (mem. op. per curiam, not designated for publication), available at https://search.txcourts.gov /SearchMedia.aspx?MediaVersionID=8af760fc-9751-434b-bd6f-2d6cc14e69b6&coa=coa13&DT=Opinion &MediaID=374d3a5c-2ad8-4f22-9b97-04d48a8f0827.

of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. First, the petition for writ of mandamus fails to meet the requirements of the appellate rules with regard to, inter alia, the duty to furnish an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.7(a), 52.3. Second, relator has not shown either that the trial court had a ministerial duty to grant his application for writ of habeas corpus or that he lacks an adequate remedy by appeal. Accordingly, we deny the petition for writ of mandamus and all relief sought therein.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of June, 2022.