

# NUMBER 13-24-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROBERT R. WIGHTMAN-CERVANTES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva[1]**

Relator Robert R. Wightman-Cervantes filed a pro se petition for writ of mandamus asserting that the trial court violated his constitutional rights "to observe legal proceedings by ordering him and all nonparties to leave the courtroom." Relator contends that he was observing a misdemeanor case as an advocate and translator for the accused when a bailiff approached him and "politely asked [him] to leave the courtroom before the judge

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

entered."

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator bears the burden to provide a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839.

The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy *and public* trial[.]" U.S. CONST. amend. VI (emphasis added); *see Williams v. State*, 664 S.W.3d 266, 273 (Tex. Crim. App. 2022). "A public trial is a trial which is open to the general public at all times."

*Williams*, 664 S.W.3d at 273 (quoting *People v. Woodward*, 841 P.2d 954, 956 (1992)). In examining whether there has been a violation of the Sixth Amendment, we determine whether the trial was closed to the public, and if so, we determine whether the closure was proper by considering whether: (1) the party seeking to close the trial advanced an overriding interest that is likely to be prejudiced; (2) the closure was no broader than necessary to protect that interest; (3) the trial court considered reasonable alternatives to closing the trial; and (4) the trial court made findings adequate to support the closure. *Id.* at 274 (applying the factors articulated in *Waller v. Georgia*, 467 U.S. 39, 48 (1984)). If we determine that a courtroom has only been partially closed, we apply this same test, but we modify the first factor and require the party seeking to close the trial to show only a substantial reason for closing the trial that is likely to be prejudiced if the courtroom is not closed. *Id.* at 275–76. We bear in mind that some closures may be so trivial that they do not implicate Sixth Amendment rights; however, we make such determinations "sparingly." *Id.* at 276–77, 278. We "examine the totality of the circumstances and consider factors such as 'the duration of the closure, the substance of the proceedings that occurred during the closure, whether the proceedings were later memorialized in open court or placed on the record, whether the closure was intentional, and whether the closure was total or partial.'" *Id.* at 277 (quoting People v. Lujan, 461 P.3d 494, 498 (Colo. 2020)).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has raised a significant issue regarding Sixth Amendment rights; however, he has not provided a record sufficient to

3

establish his right to mandamus relief. Relator concedes that there is no "competent evidence" in support of his claims and that his "sworn statement," which appears to be his certification to the petition for writ of mandamus, "is the only evidence." *See* TEX. R. APP. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."). Relator has not filed a record in support of his request for relief and has filed an appendix that appears to consist of a printed page from Facebook stating generally that bailiffs are employed and supervised by judges. *See id.* R. 52.3(k) (specifying the required contents for the appendix), 52.7(a) (stating the required contents for the record). Accordingly, we deny the petition for writ of mandamus.[2]

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of March, 2024.

---

[2] The Clerk of this Court advised relator that his petition for writ of mandamus was not in compliance with Texas Rule of Appellate Procedure 9.4(h), 9.4(j)(1), and 9.4(j)(4) and requested him to file an amended petition. *See id.* R. 9.4(h), 9.4(j)(1), 9.4(j)(4). Relator filed a motion for leave to proceed without complying with the Clerk's request, which we have construed as encompassing a request for additional time to file an amended petition. Given our determination on the merits, we deny all relief requested in relator's motion.