

# NUMBER 13-24-00243-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JULIO CESAR ESCAMILLA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva[1]**

Relator Julio Cesar Escamilla has filed a pro se petition for writ of mandamus asserting by two issues that: (1) the trial court abused its discretion by refusing to entertain relator's motion to reopen punishment on the basis that it lacked jurisdiction; and (2) relator's sentence is void because it was imposed in violation of a plea agreement that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

was accepted by the trial court. In 2006, pursuant to a plea agreement, relator was placed on deferred adjudication community supervision. In 2011, the trial court revoked relator's community supervision, adjudicated him guilty, and sentenced relator to life imprisonment. We affirmed the trial court's judgment on direct appeal. *See Escamilla v. State*, No. 13-11-00727-CR, 2012 WL 3136154, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 2, 2012, no pet.) (mem. op., not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). Further, "a writ of mandamus will also issue to nullify a void order." *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990) (orig. proceeding) (op. on reh'g). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of May, 2024.