

# NUMBERS 13-24-00473-CR, 13-24-00474-CR, 13-24-00475-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KEVIN TOLEDO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Peña[1]**

Relator Kevin Toledo filed a pro se petition for writ of mandamus raising various contentions regarding trial court cause numbers 15-CR-3268-E, 16-CR-3138-E, and 12-CR-1290-E, all arising from the 148th District Court of Nueces County, Texas, and docketed respectively in our appellate cause numbers 13-24-00473-CR, 13-24-00474-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

CR, and 13-24-00475-CR. Relator contends generally that his convictions are "void, illegal, and unauthorized by law."[2] We address relator's complaints in this single memorandum opinion in the interests of judicial efficiency.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*,

---

[2] Relator also filed a motion for leave to file his petition for writ of mandamus. We dismiss this motion as moot because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Rodriguez*, No. 13-21-00003-CV, 2021 WL 79289, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2021, orig. proceeding) (mem. op.).

619 S.W.3d at 839; *see also* Tex. R. App. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus in each cause number.

L. ARON PEÑA JR.
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
3rd day of October, 2024.

3