

# NUMBER 13-25-00181-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DONALD BOSON A/K/A DONALD LEE BOSON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron[1]**

On April 15, 2025, relator Donald Boson a/k/a Donald Lee Boson filed a pro se petition for writ of mandamus through which he asserts that the trial court committed professional misconduct and violated his due process rights. Relator requests that we compel the trial court to dismiss his indictment with prejudice. *See generally* TEX. CODE CRIM. PROC. ANN. art. 32.01 (governing the dismissal of an indictment when a defendant

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

is in custody or held to bail).

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 193 (Tex. Crim. App. 2018) (orig. proceeding). In a criminal case, the relator must establish both that the act sought to be compelled is a ministerial act, not involving a discretionary or judicial decision, and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Further, to the extent that relator may be seeking relief

2

from a final felony conviction, only the Texas Court of Criminal Appeals has jurisdiction to grant such relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding); *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re Williams*, 584 S.W.3d 500, 500 (Tex. App.—Tyler 2018, orig. proceeding) (per curiam). We deny the petition for writ of mandamus.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of April, 2025.